Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Trevor W. Barrett (SBN 287174)
tbarrett@donigerlawfirm.com
Justin N. Gomes (SBN 301793)
jgomes@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIRK KARA CORP., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRILLIANT EARTH, LLC, a Delaware Limited Liability Corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR<br><br>1. COPYRIGHT INFRINGEMENT<br><br>2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT<br><br>Jury Trial Demanded |

Plaintiff KIRK KARA CORP. ("KIRK KARA" or "PLAINTIFF"), by and through its undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

///

///

1
COMPLAINT

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff KIRK KARA, INC. is a California corporation.

5. Plaintiff is informed and believes and thereon alleges that Defendant BRILLIANT EARTH, LLC ("BRILLIANT EARTH"), is a Delaware Limited Liability Corporation, and is doing business in and with the state of California.

6. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, which therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

7. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and

circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## CLAIMS RELATED TO COPYRIGHT VA 1-872-235

8. Plaintiff owns an original jewelry design ("Subject Design A") which has been registered with the United States Copyright Office and assigned registration no VA 1-872-235.

9. Prior to the acts complained of herein, Plaintiff widely disseminated jewelry bearing Subject Design to numerous parties in the fashion, apparel, and jewelry industries.

10. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design, BRILLIANT EARTH, DOE Defendants, and each of them distributed and/or sold jewelry featuring a design which is substantially similar to Subject Design (hereinafter "Subject Product") without Plaintiff's authorization, including but not limited to products sold by Beautiful Earth under the name "Six Prong Floral Ring."

11. An image of Subject Design and an exemplar of Subject Product are set forth hereinbelow:

| **Subject Design** | **Subject Product** |
|---|---|
|  |  |

3
COMPLAINT

### CLAIMS RELATED TO COPYRIGHT VA 1-872-124

1. Plaintiff owns an original jewelry design ("Subject Design B") which has been registered with the United States Copyright Office and assigned registration no VA 1-872-124.

2. Prior to the acts complained of herein, Plaintiff widely disseminated jewelry bearing Subject Design to numerous parties in the fashion, apparel, and jewelry industries.

3. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design, BRILLIANT EARTH, DOE Defendants, and each of them distributed and/or sold jewelry featuring a design which is substantially similar to Subject Design (hereinafter "Subject Product") without Plaintiff's authorization, including but not limited to products sold by Beautiful Earth under the name "Nature-Inspired Sapphire Engagement Ring."

4. An image of Subject Design and an exemplar of Subject Product are set forth hereinbelow:

| **Subject Design** | **Subject Product** |
|---|---|
|  |  |

**CLAIMS RELATED TO COPYRIGHT VA 1-872-125**

1.   Plaintiff owns an original jewelry design ("Subject Design C") which has been registered with the United States Copyright Office and assigned registration no VA 1-872-125.

2.   Prior to the acts complained of herein, Plaintiff widely disseminated jewelry bearing Subject Design to numerous parties in the fashion, apparel, and jewelry industries.

3.   Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design, BRILLIANT EARTH, DOE Defendants, and each of them distributed and/or sold jewelry featuring a design which is substantially similar to Subject Design (hereinafter "Subject Product") without Plaintiff's authorization, including but not limited to products sold by Beautiful Earth under the name "Nature-Inspired Sapphire Wedding Band."

4.   An image of Subject Design and an exemplar of Subject Product are set forth hereinbelow:

| **Subject Design** | **Subject Product** |
|---|---|
|  |  |

///

///

**CLAIMS RELATED TO COPYRIGHT VA 1-309-852**

1.  Plaintiff owns an original jewelry design ("Subject Design D") which has been registered with the United States Copyright Office and assigned registration no VA 1-309-852.

2.  Prior to the acts complained of herein, Plaintiff widely disseminated jewelry bearing Subject Design to numerous parties in the fashion, apparel, and jewelry industries.

3.  Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design, BRILLIANT EARTH, DOE Defendants, and each of them distributed and/or sold jewelry featuring a design which is substantially similar to Subject Design (hereinafter "Subject Product") without Plaintiff's authorization, including but not limited to products sold by Beautiful Earth under the name "Vintage Sapphire and Diamond Ring."

4.  An image of Subject Design and an exemplar of Subject Product are set forth hereinbelow:

| **Subject Design** | **Subject Product** |
|---|---|
|  |  |

///

///

## CLAIMS RELATED TO COPYRIGHT VA 1-309-854

1. Plaintiff owns an original jewelry design ("Subject Design E") which has been registered with the United States Copyright Office and assigned registration no VA 1-309-854.

2. Prior to the acts complained of herein, Plaintiff widely disseminated jewelry bearing Subject Design to numerous parties in the fashion, apparel, and jewelry industries.

3. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design, BRILLIANT EARTH, DOE Defendants, and each of them distributed and/or sold jewelry featuring a design which is substantially similar to Subject Design (hereinafter "Subject Product") without Plaintiff's authorization, including but not limited to products sold by Beautiful Earth under the name "Vintage Sapphire and Diamond Set."

4. An image of Subject Design and an exemplar of Subject Product are set forth hereinbelow:

| **Subject Design** | **Subject Product** |
|---|---|
|  |  |

///

///

7
COMPLAINT

# CLAIMS RELATED TO PIROUETTA

1. Plaintiff owns an original jewelry design ("Subject Design F") which has been registered with the United States Copyright Office.

2. Prior to the acts complained of herein, Plaintiff widely disseminated jewelry bearing Subject Design to numerous parties in the fashion, apparel, and jewelry industries.

3. Plaintiff is informed and believes and thereon alleges that following its distribution of Subject Design, BRILLIANT EARTH, DOE Defendants, and each of them distributed and/or sold jewelry featuring a design which is substantially similar to Subject Design (hereinafter "Subject Product") without Plaintiff's authorization, including but not limited to products sold by Beautiful Earth under the name "Catriona Ring."

4. An image of Subject Design and an exemplar of Subject Product are set forth hereinbelow:

| **Subject Design** | **Subject Product** |
|---|---|
|  |  |

# FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

5. Plaintiff repeats, realleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

6. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, had access to Subject Design A, B, C, D, E, and F (hereinafter collectively, "Subject Designs") including, without limitation, through (a) access to Plaintiff's showroom and/or design library; (b) access to illegally distributed copies of Subject Design by third-party vendors and/or DOE Defendants, including without limitation international and/or overseas jewelry manufacturers or fabricators; (c) access to Plaintiff's strike-offs and samples.

7. Plaintiff is informed and believes and thereon alleges that one or more of the Defendants manufactures jewelry. Plaintiff is further informed and believes and thereon alleges that said Defendant(s), and each of them, has an ongoing business relationship with retailers, and each of them, and supplied jewelry to said retailers, which garments infringed Subject Designs in that said jewelry was identical or substantially similar to Subject Designs, or were an illegal modification thereof.

8. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, infringed Plaintiff's copyright by creating, making and/or developing directly infringing and/or derivative works from Subject Designs and by producing, distributing and/or selling Subject Product through a nationwide network of retail stores, catalogues, and through on-line websites.

9. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered damages in an amount to be established at trial.

10. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained profits they would not

otherwise have realized but for their infringement of Subject Designs. As such, Plaintiff is entitled to disgorgement of Defendants', and each of their, profits attributable to the infringement of Subject Designs in an amount to be established at trial.

11. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed copyright infringement with actual or constructive knowledge of Plaintiff's rights such that said acts of copyright infringement were, and continue to be, willful, intentional and malicious.

## SECOND CLAIM FOR RELIEF

(For Vicarious and/or Contributory Copyright Infringement - Against All Defendants)

12. Plaintiff repeats, realleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

13. Plaintiff is informed and believes and thereon alleges that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and/or subsequent sales of garments featuring the Subject Designs as alleged herein.

14. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct.

15. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered and will continue to suffer substantial damages to its business in an amount to be established at trial, as well as additional general and special damages in an amount to be established at trial.

16. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Design. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of the Subject Designs, in an amount to be established at trial.

17. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in Subject Designs;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

      f.   That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

                                                    Respectfully submitted,

Dated: April 17, 2018        By:        /s/ *Scott Alan Burroughs*
                                                    Scott Alan Burroughs, Esq.
                                                    Trevor W. Barrett, Esq.
                                                    Justin M. Gomes, Esq.
                                                    DONIGER / BURROUGHS
                                                    Attorneys for Plaintiff